UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

"IN ADMIRALTY"

CLAY COUNTY PORT, INC.

        Plaintiff,

                                   Case No. 3:26-cv-1687

v.

P/V AMERICANA, her engines, tackle,
apparel, etc., *In Rem,*

        Defendant.

_____

**<u>VERIFIED COMPLAINT IN REM</u>**

Plaintiff, CLAY COUNTY PORT, INC., also known as Reynolds Industrial Park and Reynolds Park Yacht Center, by and through its undersigned counsel, sues the P/V AMERICANA, her engines, tackle, apparel, etc., *in rem* in a cause of action for breach of a maritime contract, and with respect to same seeks arrest of the P/V AMERICANA and its appurtenances pursuant to Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure and the United States District Court, Middle District of Florida, Admirality and Maritime Practice Manual, and represents upon information and belief as follows:

1.     This Complaint states a claim for relief within the admiralty and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty

and Maritime Claims.  This Court has jurisdiction pursuant to 28 U.S.C. §1333 and the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.   Plaintiff, CLAY COUNTY PORT, INC.   ("CCP"), is a Virginia corporation with its principal place of business located in Green Cove Springs, Clay County, Florida.

3.   At all times material to the allegations herein, Defendant, the P/V AMERICANA, was and is a United States flag vessel, steel hull, three story passenger cruise ship built in Florida in 1988, 223 feet long, with a 40 foot beam and 12.5 feet depth, 2,354 gross tons, which is presently within the jurisdiction of the United States District Court for the Middle District of Florida, lying afloat upon navigable waters of the United States at CCP's facility, 1063 Bulkhead Road, Green Cove Springs, Clay County, Florida 32043.

4.  The vessel is docked at the upstream side of CCP Pier No. 1.

5.  Upon information and belief, Philly Windows on the Water LLC ("Philly") is the owner of the Defendant vessel.

6.  Philly contracted for dockage and electricity for the vessel at CCP's facility. CCP and Philly entered into the Docking License Agreement dated February 22, 2022 ("Agreement") effective November 24, 2021, a copy of which is attached hereto as **Exhibit A**.

7.  Section 3 of the Agreement sets forth that the charge for dockage is $0.60 per vessel foot per day plus Florida sales tax. The dockage rate increased to $0.85 per vessel foot per day plus Florida sales tax effective June 1, 2023 (**Exhibit B**). The dockage rate

2

further increased to $1.50 per vessel foot per day plus Florida sale tax effective June 6, 2024 (**Exhibit C**). There is a 10% late fee on payments not made within 15 days of the date of the invoice.

8.   Dockage and electricity have been provided to the vessel by CCP upon the order of the owner Philly. Payments were made by the owner for a number of months, but the last payment received was on August 1, 2023 as set forth on the statement, a copy of which is attached hereto as **Exhibit D**.

9.   The dockage and electricity provided by CCP to the Defendant vessel was provided on the credit of the vessel.

10.   CCP has retained the Law Office of Richard K. Jones, PLLC to protect its interest hereunder and is responsible for the payment of a reasonable attorney's fee for their services herein. Under the terms of Section 11 of the Agreement, CCP is entitled to recover its expenses and attorney fees incurred in the prosecution of this action.

11.   As of the filing of this complaint, CCP is owed the amount of $395,091.78 for dockage, electricity, and late fees through May 2026 (see **Exhibit D**), which is continuing at the rate of $334.50 per day plus Florida sales tax.

12.   A Notice of Default was sent by CCP to Philly on June 5, 2024 and May 18, 2026. A copy of these letters are attached hereto as **Exhibits C and E**.

13.   Philly is in default of the Agreement, there is no requirement for any additional notice, and Philly has no additional time to cure the default.

14. By reason of the aforestated premises, CCP claims a maritime lien against the Defendant vessel for the dockage and electricity provided as herein alleged together with

3

late fees and attorney fees and legal costs incurred by CCP in the prosecution of this action. This action is brought pursuant to the Statutes of the United States, particularly pursuant to 46 U.S.C. § 31301 *et seq.* and the general maritime law of the United States.

15.   All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, CCP prays:

a)   That the Clerk shall issue a Warrant for the arrest of the P/V AMERICANA, her engines, tackle, appurtenances, etc., *in rem*, citing all persons claiming any right, title, or interest therein to appear and answer under oath all and singular the matters aforesaid, and that the said vessel be condemned and sold to pay the amount due CCP as aforesaid, together with costs and attorney's fees of CCP, along with any other relief the Court may deem just and proper; and

b)   That the maritime lien described herein be declared a valid and existing lien upon the P/V AMERICANA, her engines, tackle, appurtenances, etc., *in rem*, and that upon the sale of the said vessel, that CCP be entitled to the proceeds of such sale equal to said lien, and costs and attorney's fees incurred by CCP in the prosecution of this action; said sale proceeds to be determined after any encumbrance determined to be superior in interest to CCP's lien has been satisfied.

DATED this *18*th day of _Jane_, 2026.

4

Richard K. Jones
Law Office of Richard K. Jones, PLLC
Florida Bar No. 351008
2950 Halcyon Lane, Unit 303
Jacksonville, Florida 32223
(904) 865-1980
E-mail: rkjones@joneshearnlaw.com
Attorneys for Plaintiff

## VERIFICATION

STATE OF FLORIDA
COUNTY OF CLAY

The foregoing instrument was acknowledged before me this ____8ᵗʰ____ day of __June____, 2026, by P. Ted McGowan, Executive Director of Clay County Port, Inc., a Virginia corporation. He is personally known to me and he affirms that he is authorized to make this affidavit on said Plaintiff's behalf, that he has read the foregoing Complaint and that the information contained therein is true and correct to the best of his knowledge, information and belief.

CLAY COUNTY PORT, INC.

By: P. Ted McGowan, Executive Director

SWORN TO and subscribed before

me on this _8ᵗʰ_ day of _June_, 2026

NOTARY PUBLIC

My commission expires:

BARBARA DIANE ARNETT
Notary Public-State of Florida
Commission # HH 390705
My Commission Expires
April 24, 2027

5